Katharine B. Brereton, WSBA #50978
LAKE CITY LAW GROUP PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID  83815
Telephone:  (208) 664-8115
Fax:  (208) 664-6338
kbrereton@lclattorneys.com

*Pro Hac Vice forthcoming*
Christopher W. Cardwell, TSBA #19751
Mary Taylor Gallagher, TSBA #21482
Marshall Thomas McFarland, TSBA #33432
**GULLETT SANFORD ROBINSON & MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| RONALD VICTOR ARTHUN and MATT ROBINS,<br><br>*Plaintiffs*,<br><br>v.<br><br>NEXUS SURGICAL INNOVATIONS, INC.,<br><br>*Defendant*. | No. 2:20-cv-00292<br><br>**ANSWER** |

ANSWER - 1

For its Answer to Plaintiffs' Complaint, Defendant, NeXus Surgical Innovations, Inc. states that:

## I.

NeXus responds to the individually numbered paragraphs contained in Plaintiffs' Complaint by stating:

1.1   NeXus has insufficient information to admit or deny the allegations in paragraph 1.1.

1.2   NeXus denies the allegations in paragraph 1.2.

1.3   NeXus denies the allegations in paragraph 1.3.

1.4   NeXus admits the allegations in paragraph 1.4.

1.5   NeXus admits the allegations in paragraph 1.5.

1.6   NeXus admits that it is a distributor of medical devices with a territory that includes all or parts of Washington, Idaho, Montana, and Utah, but denies the remaining allegations in paragraph 1.6.

1.7   NeXus admits the allegations in paragraph 1.7.

1.8   NeXus admits the allegations in paragraph 1.8.

2.1   The allegations in paragraph 2.1 are irrelevant as NeXus properly removed this lawsuit to the Eastern District of Washington, which has jurisdiction over the matter.

2.2    The allegations in paragraph 2.2 are irrelevant as NeXus properly removed this lawsuit to the Eastern District of Washington, and venue is proper in that Court.

2.3    NeXus denies the allegations in paragraph 2.3.

2.4    NeXus denies the allegations in paragraph 2.4.

2.5    The allegations in paragraph 2.5 do not require a response as NeXus properly removed this lawsuit to the Eastern District of Washington.

2.6    NeXus denies the allegations in paragraph 2.6.

2.7    NeXus denies the allegations in paragraph 2.7.

3.1    NeXus incorporates its responses to paragraphs 1.1 through 2.7.

3.2    NeXus admits the allegations in paragraph 3.2.

3.3    NeXus admits the allegations in paragraph 3.3.

3.4    NeXus admits that paragraph 3.4 describes some, but not the majority of, Plaintiff Robins' job duties as a Spine Associate.

3.5    NeXus admits that Plaintiff Robins' original salary was approximately $80,000 per year.

3.6    NeXus denies the allegations in paragraph 3.6 as Plaintiff – who was working as a neuromonitoring technician in Utah and claimed relationships with certain area physicians that would lead to hardware sales at the time of the offer letter – takes them out of context. When Plaintiff accepted NeXus' offer of

employment the understanding was that he would begin to earn commissions in the Ogden, Utah, territory after generating sufficient sales in the Salt Lake territory. Those things never happened.

3.7    NeXus admits that Plaintiff Robins lived and worked in Utah for the first several months of his NeXus employment. Further answering, he lived and worked in other areas during his tenure as a Spine Associate.

3.8    NeXus admits that Plaintiff Robins – at his request – relocated to the Coeur d'Alene and Spokane areas in or around August of 2019, but denies the remaining allegations of paragraph 3.8.

3.9    NeXus admits that Plaintiff Robins' base salary did not change between the time he started working for NeXus through July 30, 2019, and that Plaintiff Robins worked for NeXus in various areas during that time including, without limitation, Utah and Spokane/Coeur d'Alene. NeXus denies the remaining allegations in paragraph 3.9.

3.10    NeXus denies the allegations in paragraph 3.10.

3.11    NeXus denies the allegations in paragraph 3.11.

3.12    NeXus admits that the allegations in paragraph 3.12 accurately describe its "Standard Spine Specialist Plan" but denies the remaining allegations in paragraph 3.12. Further answering, NeXus notes that many of its Spine

ANSWER - 4

Specialists are on compensation plans that differ from the one described in paragraph 3.12.

3.13  NeXus denies the allegations in paragraph 3.13.

3.14  NeXus admits increasing Plaintiff Robins' annual salary to $100,000.00 per annum in or about August of 2019, but denies the remaining allegations in paragraph 3.14.

3.15  NeXus denies the allegations in paragraph 3.15. Further, it denies having any obligation to convert Plaintiff Robins' compensation plan to its Standard Spine Specialist Plan in November of 2019.

3.16  NeXus denies the allegations in paragraph 3.16.

3.17  NeXus denies the allegations in paragraph 3.17. Further answering, NeXus states that it could not deny the referenced requests as Plaintiff Robins did not make them.

3.18  NeXus denies the allegations in paragraph 3.18.

3.19  NeXus admits the allegations in paragraph 3.19, but denies that it failed to fully compensate Plaintiff Robins at any time. To be clear, Plaintiff Robins did not forgo any commissions or other compensation that was due to him. To the contrary, NeXus often compensated Plaintiff Robins despite having no duty to do so.

3.20  NeXus admits the allegations in paragraph 3.20.

ANSWER - 5

3.21  NeXus denies the allegations in paragraph 3.21.

3.22  NeXus admits the allegations in paragraph 3.22.

3.23  NeXus admits that paragraph 3.23 describes some, but not the majority, of Plaintiff Arthun's job duties as a Spine Associate.

3.24  NeXus admits the allegations in paragraph 3.24.

3.25  NeXus admits the allegations in paragraph 3.25.

3.26  NeXus admits the allegations in paragraph 3.26.

3.27  NeXus admits that paragraph 3.27 describes some of Plaintiff Arthun's job duties.

3.28  NeXus admits the allegations in paragraph 3.28.

3.29  NeXus denies the allegations in paragraph 3.29.

3.30  NeXus admits that paragraph 3.30 accurately describes a large portion of Plaintiff Arthun's compensation plan, but denies the remaining allegations in paragraph 3.30.

3.31  NeXus denies the allegations in paragraph 3.31.

3.32  NeXus admits that Plaintiff Arthun was on track, and expected, to earn more than $100,000 in calendar year 2020 at the time he resigned from NeXus, joined one of its direct competitors, and began ignoring his non-compete and non-solicit obligations.

**ANSWER - 6**

3.33 NeXus admits that Plaintiff Robins executed a document entitled "Confidential Information, Inventions, Nonsolicitation and Noncompetition Agreement."

3.34 NeXus admits that there is a typographical error in the Robins' Noncompetition Agreement which erroneously states that it became effective on August 1, 2018.

3.35 NeXus denies the allegations in paragraph 3.35.

3.36 NeXus admits the allegations in paragraph 3.36, and questions why Plaintiff Arthun would play any role in negotiating the terms and conditions of the Robins' Noncompetition Agreement.

3.37 NeXus admits the allegations in paragraph 3.37.

3.38 NeXus denies the allegations in paragraph 3.38, and states that the allegations of this paragraph do not comport with the Robins' Noncompetition Agreement's plain language.

3.39 NeXus has insufficient information to admit or deny the allegations in paragraph 3.39 as it did not employ Plaintiff Robins at the time he executed the Robins' Noncompetition Agreement.

3.40 NeXus can neither admit nor deny the allegations in paragraph 3.40 as it does not understand them. The Robins' Noncompetition Agreement was enforceable at the time Plaintiff Robins signed it and at the time he resigned.

3.41  NeXus admits the allegations in paragraph 3.41, but notes that there was no reason for him to do so and that the Robins' Noncompetition Agreement was enforceable at the time Plaintiff Robins signed it and at the time he resigned.

3.42  NeXus can neither admit nor deny the allegations in paragraph 3.42 as it does not understand them.

3.43  NeXus denies the allegations in paragraph 3.43.

3.44  NeXus can neither admit nor deny the allegations contained in paragraph 3.44 as it does not understand them.  Further answering, NeXus provided Plaintiff Robins with bonuses and raises in calendar year 2019 and 2020, and that Plaintiff Robins was earning in excess of $100,000 per year at the time he resigned from NeXus, joined NeXus' competitor, and began violating his post-employment restrictions.

3.45  NeXus denies the allegations in paragraph 3.45 and states that it is not aware of whether Plaintiff Robins serves as an employee or independent contractor of Alphatec Spine, Inc.  Further answering and upon information and belief, Plaintiff Robins accepted employment (either as an employee or independent contractor) with Alphatec Spine prior to actually resigning from NeXus.

3.46  NeXus denies the allegations in paragraph 3.46.  Further, answering the referenced letter makes no complaint of Plaintiff Robins working for Alphatec

Spine or any other company. It objects to Plaintiff Robins violating his restrictive covenants.

3.47  NeXus admits receiving a letter from Alphatec Spine that claims Plaintiff Robins' non-compete (but not non-solicit) obligations are not-enforceable. NeXus denies the remaining allegations in paragraph 3.47.

3.48  NeXus admits the allegations in paragraph 3.48.

3.49  NeXus admits the allegations in paragraph 3.49.

3.50  NeXus admits that there is a typographical error in the referenced agreement which misstates the effective date of the reference document.

3.51  NeXus denies the allegations in paragraph 3.51.

3.52  NeXus does not understand the allegations in paragraph 3.52 and, therefore, denies those allegations.

3.53  NeXus admits the allegations in paragraph 3.53.

3.54  NeXus denies the allegations in paragraph 3.54.

3.55  NeXus can neither admit nor deny the allegations in paragraph 3.55 as it did not employ Plaintiff Arthun at the time he signed the Arthun Noncompetition Agreement.

3.56  NeXus does not understand the allegations in paragraph 3.56 and, therefore, denies them. Further answering, NeXus states that the referenced

ANSWER - 9

agreement was enforceable at the time Plaintiff Arthun signed it and at the time he resigned.

3.57   NeXus denies the allegations in paragraph 3.57.

3.58   NeXus admits the allegations in paragraph 3.58, but states that no such consideration was required.

3.59   NeXus denies the allegations in paragraph 3.59, with the caveat that it does not know whether he works for Alphatec Spine as an employee or an independent contractor. Further answering and upon information and belief, Plaintiff Arthun accepted employment (either as an employee or independent contractor) with Alphatec Spine prior to actually resigning from NeXus.

3.60   NeXus denies the allegations contained in paragraph 3.60. Further answering, NeXus never insisted that Plaintiff Arthun cease his new employment, it merely requested that he comply with his restrictive covenants.

3.61   NeXus admits receiving a letter from Alphatec Spine but denies that it contested the enforceability of Plaintiff Arthun's non-solicit obligations.

3.62   NeXus admits sending a letter which voices an opinion that Plaintiff Arthun's restrictive covenants are enforceable.

4.1   NeXus incorporates its responses to the allegations contained in paragraph 1.1 through 3.62.

4.2   NeXus denies the allegations in paragraph 4.2.

4.3     NeXus can neither admit nor deny the allegations in paragraph 4.3 as it does not understand them. Further answering, NeXus admits that it provided Plaintiff Robins with a bonus and raise when he moved to Idaho and that Plaintiff Robins accepted that bonus and raise.

4.4     NeXus denies the allegations in paragraph 4.4.

4.5     NeXus denies the allegations in paragraph 4.5.

4.6     NeXus denies the allegations in paragraph 4.6.

5.1     NeXus incorporates its responses to paragraphs 1.1 through 4.6.

5.2     NeXus denies the allegations in paragraph 5.2.

5.3     NeXus denies the allegations in paragraph 5.3.

5.4     NeXus denies the allegations in paragraph 5.4.

6.1     NeXus incorporates its responses to the allegations in paragraphs 1.1 through 5.4.

6.2     NeXus denies the allegations in paragraph 6.2.

6.3     NeXus denies the allegations in paragraph 6.3.

6.4     NeXus denies the allegations in paragraph 6.4.

6.5     NeXus denies the allegations in paragraph 6.5.

6.6     NeXus denies the allegations in paragraph 6.6.

6.7     NeXus denies the allegations in paragraph 6.7.

6.8     NeXus denies the allegations in paragraph 6.8.

**ANSWER - 11**

6.9   NeXus denies the allegations in paragraph 6.9.

## II.

NeXus denies every allegation in Plaintiffs' Complaint that was not previously admitted.

## III.

By way of further answer and affirmative defense, NeXus states that Washington's non-competition statute is unenforceable and invalid in that it violates the Contracts Clause of the United States Constitution.

## IV.

By way of further answer and affirmative defense, NeXus states that Washington's non-competition statute has no effect on non-solicitation provisions.

## VI.

By way of further answer and affirmative defense, NeXus states that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## VII.

By way of further answer and affirmative defense, and while denying that it committed any acts which damaged Plaintiffs, NeXus states that Plaintiffs failed to mitigate their damages.

//

//

**VIII.**

By way of further answer and affirmative defense, NeXus states that Plaintiffs have not properly pled a claim for entitlement to punitive and/or exemplary damages.

**IX.**

By way of further answer and affirmative defense, NeXus states that Plaintiffs' causes of action are barred by the doctrines of equitable estoppel and unclean hands.

**X.**

By way of further answer and affirmative defense, NeXus states that Plaintiffs' Complaint is barred by the failure to join all necessary and/or indispensable parties.

**XI.**

By way of further answer and affirmative defense, NeXus states that Plaintiffs' causes of action, in part or in whole, are the subject of the previously-filed action of NuVasive, Inc., et al. v. Robins, United States District Court for the District of Idaho, Case No. 2:20-cv-00328-DWM.

//

//

//

**ANSWER - 13**

## XII.

By way of further answer and affirmative defense, and while denying that it committed any acts which damaged Plaintiffs, NeXus states that Robins ratified any and all actions of it of which he now complains.

## XIII.

NeXus reserves the right to amend its Answer and assert additional affirmative defenses as its investigation into this matter continues.

**WHEREFORE**, in having fully answered and responded to Plaintiffs' Complaint, NeXus respectfully requests that this Court dismiss their Complaint and access costs accordingly.

//

//

//

//

//

//

//

//

//

//

**ANSWER - 14**

RESPECTFULLY SUBMITTED,

DATED this 8th day of September, 2020.

LAKE CITY LAW GROUP PLLC

By: /s/ *Katharine B. Brereton*
Katharine B. Brereton, WSBA #50978
LAKE CITY LAW GROUP, PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, Idaho 83815
kbrereton@lclattorneys.com

*Pro Hac Vice forthcoming:*
Christopher W. Cardwell, TSBA #19751
Mary Taylor Gallagher, TSBA #21482
Marshall Thomas McFarland, TSBA #33432
**GULLETT SANFORD ROBINSON & MARTIN PLLC**
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994 (Telephone)
(615) 256-6339 (Facsimile)
ccardwell@gsrm.com
mtgallagher@gsrm.com
tmcfarland@gsrm.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2020, I caused to be served the foregoing ANSWER on the following individuals in the manner indicated below:

| | |
|---|---|
| William M. Symmes, WSBA #24132 | (X) wms@witherspoonkelley.com |
| Matthew W. Daley, WSBA #36711 | (X) mwd@witherspoonkelley.com |
| WITHERSPOON KELLEY | |
| 422 West Riverside Avenue, Suite 1100 | |
| Spokane, Washington 99201 | |

LAKE CITY LAW GROUP PLLC

By: /s/ *Katharine B. Brereton*
    Katharine B. Brereton
    LAKE CITY LAW GROUP, PLLC
    435 W. Hanley Avenue, Suite 101
    Coeur d'Alene, Idaho 83815
    WSBA #50978

**ANSWER - 16**